UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| MICHELLE LYNN ALLEN, | Case No. 2:24-cv-00624-ART-EJY |
|---|---|
| Plaintiff, | ORDER |
| v. | (ECF No. 6) |
| PROGRESSIVE DIRECT INSURANCE COMPANY, dba PROGRESSIVE INSURANCE, *et al.*, | |
| Defendants. | |

Plaintiff Michelle Allen sued Defendant Progressive Insurance in state court alleging that Defendant failed to indemnify her following a hit-and-run car accident she suffered in 2023. (ECF No. 1-A1.) Plaintiff alleged breach of the covenant of good faith and fair dealing, violations of NRS 686A.310 (unfair practices in settling claims), and breach of contract. Defendant removed the case under 28 U.S.C. § 1441(b) based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff moved to remand based on lack of subject-matter jurisdiction, arguing that the amount in controversy is under $75,000. (ECF No. 6.) Defendant responded (ECF No. 7), and Plaintiff replied (ECF No. 8). Because Defendant has not met their burden to show by a preponderance of evidence that the amount in controversy exceeds $75,000, the Court remands the case to the Eight Judicial District Court in Clark County, Nevada.

I.  **FACTUAL & PROCEDURAL BACKGROUND**

In 2023, an unidentified driver crossed over a median on South Pecos Road in Las Vegas, hit Plaintiff's car stopped at a turning line, and drove off. The accident that required medical attention, left Plaintiff unable to work for fourteen days, and caused $7,840.09 in damage to Plaintiff's car. (ECF No. 1-1.) Plaintiff had an uninsured-motorist insurance policy with Defendant that set a limit of

1

1  coverage for $100,000. (*Id.*) She submitted a claim to her insurer, Defendant,
2  with proof of $5,652.36 in lost wages. Defendant offered Plaintiff $10,153 to fully
3  resolve all her claims arising out of the accident. (*Id.*)

4        Plaintiff also alleges that Defendant reported the collision as Plaintiff's
5  fault, resulting in another car-insurance provider denying Plaintiff coverage after
6  she sought to switch insurers. (*Id.*) Plaintiff also alleges that Defendant
7  designating her at fault will require her to pay more for insurance in the future.
8  (*Id.*)

9        Plaintiff's suit alleges general damages for stress, fear, humiliation, and
10 distress in excess of $15,000, special damages incurred for medical bills, lost
11 wages, and increased premiums in excess of $15,000, attorneys' fees in an
12 unspecified amount, punitive damages in excess of $15,000, and other such relief
13 deemed proper. (*Id.*)

14       Following suit, Plaintiff offered to settle the case for $70,000. (ECF No. 6-
15 3.) Defendant declined and offered to stipulate to cap recovery at $75,000, which
16 Plaintiff declined. (ECF No. 6.) Defendant then offered to settle the case for
17 $30,000. (ECF No. 8.)

18 **II.   STANDARD OF REVIEW**

19      A defendant may only remove a case brought in state court if the federal
20 district court would have original jurisdiction over the case. 28 U.S.C. § 1441(a).
21 Federal courts "strictly construe the removal statute against removal
22 jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018)
23 (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d
24 1102, 1107 (9th Cir. 2010)).

25      When parties contest the amount-in-controversy, and the amount is not
26 evident from the face of the complaint, the court decides by a preponderance of
27 the evidence after both sides submit evidence. *Dart Cherokee Basin Operating Co.,*
28 *LLC v. Owens,* 574 U.S. 81, 88 (2014); 28 U.S.C. § 1446(c)(2)(B). "[A] 'settlement

letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).

### III. ANALYSIS

After weighing the evidence submitted by both parties, the Court finds that Defendants have not met their burden to show that the amount in controversy is over $75,000, and accordingly, the Court grants Plaintiff's motion to remand.

Considering all the evidence before the Court, it is more likely than not that the amount in controversy is less than $75,000. Weighing in favor of remand are the prayer for relief in Plaintiff's complaint, which sought $45,000 in general, special, and punitive damages, along with an unspecified amount in attorney's fees. (ECF No. 1-1.) Also weighing in favor of remand are the several settlement offers proposed by both parties. Defendant offered to settle with Plaintiff for $10,153 before Plaintiff filed her suit and offered to settle for $30,000 after filing. (ECF Nos. 1-1, 8.) Defendant also rejected Plaintiff's offer to settle for $70,000. (ECF Nos. 6, 6-3.) This evidence all weighs in favor of finding an amount in controversy under $75,000.

The evidence in favor of finding an amount in controversy above $75,000 is less convincing. Plaintiff's policy limit for uninsured motorist coverage is $100,000, but Plaintiff's car damage ($7,840.09), lost earnings ($5,652.36), and increased insurance premiums (unspecified) do not approach it. (ECF No. 1-1.) Defendant reasonably points out that Plaintiff has not specified her medical damages, and this weighs in favor of finding a larger amount in controversy based on alleged spine, shoulder, hip, chest, neck, and back injuries. (ECF No. 7.) The Court finds this outweighed by Defendant's offer to settle all bodily injury claims for $30,000. (ECF No. 8-1.) The possibility of punitive damages and attorney's fees weigh in favor of finding an amount in controversy above $75,000, but

3

Defendant has not produced evidence beyond speculation as to this quantity. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.")). Plaintiff's refusal to stipulate to seek damages less than $75,000 in damages also weighs in favor of denying the motion to remand, but this does not outweigh the evidence enumerated above.

In sum, the Court finds that Defendant has not met its burden to show that the amount in controversy is above $75,000.

Accordingly, the Court grants Plaintiff's motion to remand (ECF No. 6).

The Court also instructs the Clerk to remand the case to the Eight Judicial District Court in Clark County, Nevada.

The Court also instructs the Clerk to close the case.

DATED THIS 4th day of November 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4